

Myers, Singer & Galiardo, LLP                                    Attorneys at Law

Barclay Building
299 Broadway, Suite 200                                          Phone: 212-986-5900
New York, NY 10007                                               Fax: 212-986-6250

Hon. P. Kevin Castel                                             August 15, 2017
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re: United States v. Andrew Cook 17 Cr 00147(PKC)**

Your Honor:

    On August 3, 2017 the parties appeared before the Court for the Defense to make a bail application. Subsequent to that application the Court set a conference date of September 7, 2017 at 2:45pm. A trial date has not been set in this matter.

    The parties ask the Court to permit an extension of the motion schedule, which is presently set at August 17, 2017. The Defense has not received a motion in Limine from the Government as of today's date but anticipates some form of a response to the Government's motion after August 17th as it would be impossible to respond the same day.

    The more important issue the Defense wishes to raise with the Court is the potential need for a hearing to resolve whether or not Mr. Cook has indeed violated the Federal Analogue Act. The substance Mr. Cook is alleged to have sold is arguably not a Schedule I or Schedule II drug. Whether that issue can be resolved by written submission, at a hearing, or is a trial issue remains to be seen. Even if the prosecution disagrees with such a proposition the subjects contained in the Analogue Act are difficult to resolve without expert commentary. As stated by the Government on the last court date, "the narcotic in question is a molecule away from being ketamine." In short, that comment reflects the fact that not only is the drug in question potentially a Schedule III drug, but also it may take a pre-trial hearing, at the Defense's request, to legally establish whether or not the substance Mr. Cook allegedly sold does indeed fit the Schedule I or II criteria. In short, the Defense must be educated on this subject by a qualified expert because this may be a case of first impression. As this Court is well aware the Federal Analogue Act is not a straightforward document but can be exceedingly subjective and interpreted differently by organic chemists.

   A simpler issue to resolve prior to the potential trial is the 4th Amendment issue concerning the search of the premises where the drugs were recovered.  The Defense can submit that motion as soon as it is able to have Mr. Cook's signature notarized, which is apparently is similar to parting the Red Sea at the correctional facility Mr. Cook is housed at.

   The parties ask the Court to extend the time to file motions and set a trial date on September 7, 2017 when the parties meet again.

   Please be mindful that Defense Counsel is on vacation from August 25, 2017 to September 1, 2017 should the Court wish to meet the parties earlier to discuss the above.

   After consulting with the Government, they join in the request to adjourn the current briefing schedule for motions in Limine in light of our request for substantive briefing.

                   Respectfully,

                   *M Myers*

Cc: AUSA Michael McGinnis          Matthew D. Myers